UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

ANTHONY KAPPOUTA,

      Plaintiff,               USDC Case No.
                                   State Court Case No.:12MH 056107 SC
                                   Hon._____

v.

ALLIANCE DATA n/k/a
COMENITY CAPITAL BANK,

      Defendant.

_____

## NOTICE OF REMOVAL

      Defendant, Alliance Data n/k/a Comenity Capital Bank ("Defendant"), through its counsel, Olson Law Group, files this Notice of Removal pursuant to 28 U.S.C. § 1446 ("Notice") and in support thereof states as follows:

      1.      On or about November 13, 2012, Plaintiff commenced this lawsuit in the 43rd Judicial District Court for the State of Michigan (the "Action").

      2.      Defendant received service of process of this Action on November 30, 2012. Copies of the Affidavit and Claim are attached to and incorporated within this pleading in accordance with this Court's electronic filing guidelines. To Defendant's knowledge, these documents constitute all process, pleadings or orders that have been filed in and/or served upon Defendant in this action.

      3.      This Notice is being filed within 30 days of service or receipt of the Complaint by Defendants and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

4. Plaintiff's Complaint alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.,* and the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et. seq.*

5. This Action is, therefore, a civil action of which this Court has federal statutory jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1446 because the claims alleged by Plaintiff arise under the laws of the United States.

6. Written notice of the filing of this Notice has been served by mail on Plaintiff at the address disclosed in the pleadings and with the Clerk of the Court of the 43rd Judicial Circuit Court for the State of Michigan. See <u>Exhibit A</u>: Proof of Service.

7. Defendant has good and sufficient defenses to this action.

8. No previous application for the relief sought herein has been made to this or any other court.

Accordingly, notice is hereby given in accordance with 28 U.S.C. § 1446 of the removal of this action to this Honorable Court.

          Respectfully submitted,

          /s/ Charity A. Olson
          CHARITY A. OLSON (P68295)
          OLSON LAW GROUP
          Attorneys for Defendant
          106 E. Liberty, Suite 303
          Ann Arbor, MI 48104
          T (734) 222-5179
          F (866) 941-8712
Date: December 19, 2012      colson@olsonlawpc.com

**PROOF OF SERVICE**

I, Charity A. Olson, hereby certify that on December 19, 2012, a copy of this Notice of Removal to the United States District Court for the Eastern District of Michigan was filed electronically via the Court's ECF system. Notice of this filing will be sent to the following parties by enclosing a copy of same in a pre-addressed, pre-stamped envelope and depositing same in the United States Mail with postage fully paid thereon:

Clerk of the Court
43rd Judicial District Court
43 E. Nine Mile Road
Hazel Park, MI 48030
248-547-3034

Anthony Kappouta
Pro Se
2076 Orchard Crest Drive
Shelby Twp, MI 48317
248-971-0609
614-563-5509

/s/ Charity A. Olson
CHARITY A. OLSON (P68295)
OLSON LAW GROUP
Attorneys for Defendant
106 E. Liberty, Suite 303
Ann Arbor, MI 48104
(734) 222-5179
colson@olsonlawpc.com

3

| Approved, SCAO | 1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| STATE OF MICHIGAN<br>43RD JUDICIAL DISTRICT | AFFIDAVIT AND CLAIM<br>Small Claims | CASE NO.<br>12MH 056107 SC |

Court address: 200 W. 13 MILE, MADISON HEIGHTS, MI 48071    Court telephone no. 248-583-1800

See instructions on the back of plaintiff and defendant copies.

1. **Plaintiff:** Anthony Kappouta
   **Address:** 2076 Orchard crest Drive
   **City, state, zip:** Shelby Twp, MI 48317    **Telephone no.** 248-971-0609/586-662-1988

2. **Defendant:** Comenity Capital Bank
   **Address:** 4590 E. Broad St
   **City, state, zip:** Columbus, OH 43213    **Telephone no.** 913-563-5509/614-563-5509

**NOTICE OF HEARING** (For Court Use Only)

15. Plaintiff and defendant must be in court on TO BE NOTIFIED BY THE COURT
    Day ___ Date ___ at ___ Time ___ at ☒ the court address above
    ☐ Location ___
    Process server's name ___    Fee paid: $ ___

3. I have knowledge or belief about all the facts stated in this affidavit and I am (check one) ☒ the plaintiff. ☐ a partner. ☐ a full-time employee of the plaintiff.
4. The plaintiff is (Check one.) ☒ an individual. ☐ a partnership. ☐ a corporation. ☐ a sole proprietor.
5. The defendant is (Check one.) ☐ an individual. ☐ a partnership. ☒ a corporation. ☐ a sole proprietor.
6. The date(s) the claim arose are __See attached Addendum of Facts__.
7. Amount of money claimed is $ __$5,000__. (NOTE: Plaintiff's costs are determined by the court and awarded as appropriate. They are not part of the amount claimed.)
8. ☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in this complaint has been previously filed in ___ Court. The case number, if known, is ___. The action ☐ remains ☐ is no longer pending.
9. The reasons for the claim are __See attached Addendum of Facts They called Personel Phone while was in Madison Hgts__

10. The plaintiff understands and accepts that the claim is limited to $5,000 by law and that the plaintiff gives up the rights to (a) recover more than this limit, (b) an attorney, (c) a jury trial, and (d) appeal the judge's decision.

11. I believe the defendant ☐ is ☒ is not mentally incompetent. I believe the defendant ☒ is ☐ is not 18 years or older.

12. ☒ I do not know whether the defendant is in the military service. ☐ The defendant is not in the military service. ☐ The defendant is in the military service.

13. Signature: _Anthony Kappouta_

Subscribed and sworn to before me on __11-13-12__, ___ County, Michigan.

My commission expires: ___ Date ___    Signature: _Denise Stroehle_ Deputy clerk/Notary public

Notary public, State of Michigan, County of ___

14. Expiration date: __2-18-13__

DC 84 (3/08) AFFIDAVIT AND CLAIM, Small Claims    MCL 600.8401 et seq., MCR 4.302, MCR 4.303

NOV 13 2012
200 W. 13 MILE ROAD

Defendant

## Addendum of Facts

### CLAIM

The following is my claim against the defendant and the violations they committed.

1. I have made countless attempts at contacting the defendant and their registered agents prior to initiating the small claims suit to amicably resolve it but they ignored my requests and did not return my phone call.
2. The dates they have committed most of their violations are from February 2012 to October 2012.
3. I mentioned to them that I was laid off at the time but was more than willing to work with them on getting my debt paid.
4. They were rude to me on the phone and told me I had to pay it and had no choice which is a direct violation of the FDCPA.
5. The Defendant has been calling and harassing me at work on a consistent basis after I told them to stop and only send mail correspondence which is a violation of the FDCPA.
6. I asked them to cease and desist all communications to my telephone at work by mailing a cease and desist letter and verbally telling them that I cannot make payments because I'm out of work.
7. They were contacting me on Sundays which is a direct violation of the FDCPA.
8. They then gave up my private information to other people without my authorization which is a violation of the FDCPA.
9. They contacted me from private and blocked caller id's as well as a spoofed number, which is another FDCPA violation for not properly identifying themselves.
10. When I attempted at answering calls there was silence and the call would drop off noting that they were using an auto-dialer, which is in violation of the TCPA.
11. They did not read me my mini Miranda rights, which is a violation of the FDCPA.
12. They did not disclose themselves to me on the initial call, which is a violation of the FDCPA.
13. They refused to give me their address, which is a violation of the FDCPA.

### DAMAGES

The damages which I sustained fall under the FDCPA and TCPA set forth by the FCC and are considered a private right of action between $500 to $1500 in statutory damages for each violation.

Below are excerpts from the FCC on how the TCPA governs telemarketers and debt collectors in terms of violations:

*The TCPA permits consumers to file suit in state court if an entity violates the TCPA prohibitions on the use of facsimile machines, automatic telephone dialing systems, and artificial or prerecorded voice messages and telephone solicitation. 47 U.S.C. §§ 227(b)(3) and (c)(5). Consumers may recover actual damages or receive up to $500 in damages for each violation, whichever is greater. If the court finds that the entity willfully or knowingly violated the TCPA, consumers may recover an amount equal to not more than three times this amount. 47 U.S.C. § 227(b)(3). Consumers may also bring their complaints regarding TCPA violations to the attention of the state attorney general or an official designated by the state. This state entity may bring a civil action on behalf of its residents to enjoin a person or entity engaged in a pattern of telephone calls or other transmissions in violation of the TCPA. 47 U.S.C. § 227(f)(1). Additionally, a consumer may request that the Commission take enforcement actions*

## Addendum of Facts

regarding violations of the TCPA and the regulations adopted to enforce it. See 47 C.F.R. § 1.41 on informal requests for Commission action and 47 C.F.R. § 1.716 on the Commission's process for complaints filed against common carriers.

Below are excerpts from the FCC on how the FDCPA governs debt collectors in terms of violations:

### § 804. Acquisition of location information [15 USC 1692b]

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall --

<u>(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;</u>

<u>(2) not state that such consumer owes any debt;</u>

(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

(4) not communicate by post card;

(5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and

(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to the communication from the debt collector.

43RD DISTRICT COURT
MADISON HEIGHTS
RECEIVED
NOV 1 3 2012
200 W. 13 MILE ROAD
MADISON HTS, MI 48071

### § 805. Communication in connection with debt collection [15 USC 1692c]

<u>(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --</u>

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location;

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

(b) COMMUNICATION WITH THIRD PARTIES. Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a

## Addendum of Facts

consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

(c) CEASING COMMUNICATION. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.
(d) For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.

### § 805. Communication in connection with debt collection [15 USC 1692c]

(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock anti-meridian and before 9 o'clock postmeridian, local time at the consumer's location;

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or

<u>(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.</u>

(b) COMMUNICATION WITH THIRD PARTIES. Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

<u>(c) CEASING COMMUNICATION. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication</u>

43RD DISTRICT COURT

NOV 13 2012

200 W. 13 MILE ROAD
MADISON HTS, MI 48071

## Addendum of Facts

with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

(d) For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.

### § 806. Harassment or abuse [15 USC 1692d]

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 603(f) or 604(3)1 of this Act.

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

### § 813. Civil liability [15 USC 1692k]

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;